UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CAROLYN L. TURK,  )  <br>  )  <br> Plaintiff,  )  <br>  )  <br> v.  )  <br>  )  <br> MICHAEL J. ASTRUE, Commissioner of  )  <br> Social Security,  )  <br>  )  <br> Defendant.  )  <br> _____ ) | CASE NO. C10-5513-RAJ  <br><br> REPORT AND RECOMMENDATION |

Plaintiff Carolyn L. Turk appeals the final decision of the Commissioner of the Social Security Administration ("Commissioner") which partially denied her application for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act, 42 U.S.C. §§ 401-33 and 1381-83f, after a hearing before an administrative law judge ("ALJ"). For the reasons set forth below, the Court recommends that the Commissioner's decision be REVERSED and REMANDED for an award of benefits.

I. FACTS AND PROCEDURAL HISTORY

Plaintiff was born in 1955 and was 50 years old on the amended alleged onset date of disability. (Administrative Record ("AR") 30, 110.) She obtained a General Equivalency

REPORT AND RECOMMENDATION
PAGE - 1

Diploma ("GED"). *Id*. Her past work experience includes employment as a care giver and cashier. (AR 126.) Plaintiff was last gainfully employed on December 21, 2000. (AR 125.)

Plaintiff asserts that she is disabled due to depression, anxiety, small-cell lung cancer, and obesity. (AR 16, 125.) She asserts an onset date of December 1, 2005. (Dkt. 21 at 1-2, Dkt. 29 at 1.)

The Commissioner denied plaintiff's claim initially and on reconsideration. (AR 71-74, 77-78.) Plaintiff requested a hearing, which took place on January 7, 2009. (AR 25-57.) On February 4, 2009, the ALJ issued a partially favorable decision finding plaintiff disabled as of September 1, 2007. (AR 14-24.) However, the ALJ found that prior to September 1, 2007, plaintiff was not disabled based on his determination that plaintiff could perform other jobs existing in sufficient numbers in the national economy. *Id*.

Plaintiff's administrative appeal of the ALJ's partially favorable decision was denied by the Appeals Council (AR 3-5), making the ALJ's ruling the "final decision" of the Commissioner as that term is defined by 42 U.S.C. § 405(g). On July 22, 2010, plaintiff timely filed the present action challenging the Commissioner's decision. (Dkt. 5.)

## II.   JURISDICTION

Jurisdiction to review the Commissioner's decision exists pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3).

## III.   DISCUSSION

As the claimant, Ms. Turk bears the burden of proving that she is disabled within the meaning of the Social Security Act (the "Act"). *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999) (internal citations omitted). The Act defines disability as the "inability to engage in

any substantial gainful activity" due to a physical or mental impairment which has lasted, or is expected to last, for a continuous period of not less than twelve months. 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A claimant is disabled under the Act only if her impairments are of such severity that she is unable to do her previous work, and cannot, considering her age, education, and work experience, engage in any other substantial gainful activity existing in the national economy. 42 U.S.C. §§ 423(d)(2)(A); *see also Tackett v. Apfel*, 180 F.3d 1094, 1098-99 (9th Cir. 1999).

The Commissioner follows a five-step sequential evaluation process for determining whether a claimant is disabled. *See* 20 C.F.R. §§ 404.1520, 416.920. At step one, it must be determined whether a claimant has engaged in substantial gainful activity. 20 C.F.R. §§ 404.1520(b), 416.920(b). The ALJ found plaintiff had not engaged in substantial gainful activity since December 1, 2005, the amended alleged onset date. (AR 16.) At step two, it must be determined whether a claimant suffers from a severe impairment. The ALJ found plaintiff had the following severe impairments: depression, anxiety, small-cell lung cancer, and obesity. *Id.* Step three asks whether a claimant's impairment or combination of impairments meets or medically equals one of the listed impairments in 20 C.F.R. Part 404, Subpt P, App. 1. The ALJ found that prior to September 1, 2007, the date plaintiff became disabled, she did not have an impairment or combination of impairments that met or medically equaled a listed impairment. (AR 17.) If the claimant's impairments do not meet or equal a listing, the Commissioner must assess residual functional capacity ("RFC") and determine at step four whether the claimant has demonstrated an inability to perform past relevant work. The ALJ found that prior to September 1, 2007, plaintiff had the RFC to perform light work

with exertional and non-exertional limitations. (AR 19-20.) The ALJ found plaintiff had no past relevant work. (AR 22.) If the claimant is able to perform her past relevant work, she is not disabled; if the opposite is true, then the burden shifts to the Commissioner at step five to show that the claimant can perform other work that exists in significant numbers in the national economy, taking into consideration the claimant's RFC, age, education, and work experience. 20 C.F.R. §§ 404.1520(g), 416.920(g); *Tackett*, 180 F.3d at 1099-1100. The ALJ found that prior to September 1, 2007, jobs existed in significant numbers in the national economy that plaintiff could perform. (AR 22.) The ALJ found that beginning on September 1, 2007, the severity of plaintiff's small-cell lung cancer met Listing 13.14B. (AR 23.) The ALJ concluded that plaintiff was not disabled prior to September 1, 2007, but became disabled on that date and continued to be disabled through the date of the decision. (AR 24.)

Plaintiff argues that the ALJ erred in his evaluation of the medical opinion evidence, the RFC finding, the step five finding, and the credibility determination. (Dkt. 21.) She requests remand for an award of benefits. *Id*. at 19. The Commissioner agrees the ALJ erred in his evaluation of the medical opinion evidence, the RFC finding, and, by extension, the step five finding. (Dkt. 28.) However, the Commissioner does not concede error with the ALJ's consideration of plaintiff's credibility. He asserts that this case should be reversed and remanded for payment of benefits after September 1, 2007, but should be remanded for further administrative proceedings to address the medical evidence for the closed period between December 1, 2005, and September 1, 2007. *Id*. Plaintiff replies that, even without addressing credibility, the evidence is sufficient to support a finding of disabled. The only issue before the Court, therefore, is the proper remedy for the Commissioner's conceded errors.

A.   <u>Remedy</u>

The Court has discretion to remand a case either for additional evidence and findings, or to direct an award of benefits remedy. *McCartey v. Massanari*, 298 F.3d 1072, 1076 (9th Cir. 2002) (citing *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996)).  However, the decision is not standardless.  The Court may direct an award of benefits where "the record has been fully developed and further administrative proceedings would serve no useful purpose." *Id*.  The Court may find that this occurs when:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting the claimant's evidence; (2) there are no outstanding issues that must be resolved before a determination of disability can be made; and (3) it is clear from the record that the ALJ would be required to find the claimant disabled if he considered the claimant's evidence.

*Id*. at 1076-77; *see also Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000) (noting that erroneously rejected evidence may be credited when all three elements are met).

Plaintiff argues there is no reason to remand for further proceedings because the evidence is sufficient to support a finding of disabled.  Specifically, she contends that the medical opinions of examining physician Mark Heilbrunn, M.D., and state agency physicians Craig Wingate, M.D., and Alnoor Virji, M.D., which were purportedly adopted by the ALJ, indicate that she was limited to sedentary, not light work, and, therefore, she should have been found disabled under the Medical-Vocational Guidelines ("guidelines"), 20 C.F.R. pt. 404, subpt. P, app 2, Sec. 200.00(d).

On April 12, 2006, Dr. Heilbrunn completed a physical examination of the plaintiff. (AR 237-41.)  He found on examination that she had lumbar and midline tenderness with increased lumbar lordosis, right shoulder tenderness which increased with abduction and

REPORT AND RECOMMENDATION
PAGE - 5

anterior flexion, decreased back and neck range of motion in forward flexion, and decreased right shoulder range of motion in all planes. (AR 239-41.) Dr. Heilbrunn diagnosed plaintiff with degenerative joint disease of the lumbar spine, right shoulder pain consistent with rotator cuff injury or tendinitis, cervical strain, overweight, and hypertension. *Id*. at 241.

On May 1, 2006, Dr. Wingate completed a Physical Residual Functional Capacity Assessment of the plaintiff. (AR 242-50.) He opined that plaintiff could lift and carry ten pounds frequently and occasionally and was limited in reaching above her shoulder with her right arm. (AR 244, 246, 250.) Dr. Virji affirmed Dr. Wingate's opinion on September 14, 2006. (AR 370.)

Although the ALJ stated that he assigned "significant weight" to Dr. Heilbrunn's and Dr. Virji's opinions regarding plaintiff's physical capacity, he failed to incorporate all of the limitations those doctors identified in his RFC assessment or provide any reasons for rejecting them. (AR 22.) The ALJ concluded that plaintiff had the ability to perform "light work," however, as the Commissioner concedes, "light work" requires "exerting up to 20 pounds of force occasionally, and/or up to 10 pounds of force frequently to move objects." U.S. Dep't of Labor, *Dictionary of Occupational Titles* (4th ed. 1991) ("DOT"). No medical opinion in the record indicates that plaintiff had the ability to exert 20 pounds of force occasionally for lifting and carrying. Thus, by definition, "light work" is inconsistent with the evidence of record regarding plaintiff's physical abilities.

Although the Commissioner concedes that plaintiff was limited to lifting and carrying only ten pounds, he argues that this Court should remand this case for further proceedings because there are unresolved issues. Specifically, he contends that there was no discussion

REPORT AND RECOMMENDATION
PAGE - 6

regarding lifting requirements in the ALJ's decision, and that on remand the ALJ should inquire whether the jobs identified by the vocational expert ("VE") deviate from the DOT.  The Court disagrees.

As plaintiff points out, the ALJ found that plaintiff was fifty years old on her amended alleged onset date of December 1, 2005, and thus was "closely approaching advanced age." (AR 22, citing 20 C.F.R. § 416.963.)  She had a high school education, and, according to the ALJ, had no past relevant work and no transferable job skills.  *Id*.  If the ALJ had properly incorporated the medical source opinions he purportedly accepted, it is clear that plaintiff's RFC should actually have been for sedentary, not light work, and she should have been found disabled under the guidelines, 20 C.F.R. Pt. 404, Subpt. P, App. 2, Rule 201.12 & 201.14.

Thus, when the medical opinions of Drs. Heilbrunn, Wingate, and Virji, are credited as true, the Court finds there are no outstanding issues to be resolved and the ALJ would be required to find the plaintiff disabled.  *See, e.g., Smolen*, 80 F.3d at 1292 (crediting an opinion as a matter of law is appropriate when, taking that opinion as true, the evidence in the record supports a finding of disability.)  Under the guidelines, a person who is fifty years old with a high school education will be found disabled when that person is limited to sedentary work and has no transferable skills.  In this case, *all* examining and non-examining physicians have concluded that plaintiff is limited to frequently and occasionally lifting or carrying 10 pounds. That there is *no* opinion from any medical source to the contrary was conceded by the Commissioner.

Accordingly, there are no outstanding issues that must be resolved, and it is also clear from the record that the ALJ would be required to find the plaintiff disabled.  Because the

REPORT AND RECOMMENDATION
PAGE - 7

guidelines direct a finding of "disabled," there is no need to remand the case for further fact finding.  It is therefore unnecessary for the Court to address plaintiff's remaining arguments that additional opinion evidence in the record regarding her mental functional limitations should also be credited as true, and further support the conclusion that plaintiff is disabled.  Finally, the fact that remand for additional administrative proceedings would pose further delay also weighs in favor of an award of benefits in this case.  *See Varney v. Sec'y Health and Human Servs.*, 859 F.2d 1396, 1398-99 (9th Cir. 1988) ("Delaying the payment of benefits by requiring multiple administrative proceedings that are duplicative and unnecessary only serves to cause the applicant further damage – financial, medical, and emotion.").

## IV.  CONCLUSION

For the foregoing reasons, the Court recommends that this case be REVERSED and REMANDED for an award of benefits for the closed period from December 1, 2005, to September 1, 2007.  The ALJ's finding of disability beginning on September 1, 2007, should not be disturbed.  A proposed order accompanies this Report and Recommendation.

DATED this 1st day of June, 2011.

Mary Alice Theiler
United States Magistrate Judge